**Faye GRIFFIN, Plaintiff–Appellant,**

v.

**FIRST COMMUNITY BANK OF MALDEN (formerly Malden State Bank),
Defendant–Respondent.**

**No. 16898.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 17, 1990.

Motion for Rehearing or Transfer to
Supreme Court Denied Jan. 7, 1991.

W.H. Winchester, III, Drumm, Winchester & Gleason, Sikeston, for plaintiff-appellant.

Terry M. McVey, Welman, Beaton, Williams & McVey, Kennett, for defendant-respondent.

MAUS, Presiding Judge.

The subject matter of this appeal is a certificate of deposit in the amount of $10,000 issued by First Community Bank of Malden (Bank). The certificate was issued in statutory form, § 362.470, in the names of Faye Griffin or Jeanice Griffin or Wayne Griffin. Faye Griffin contributed all the funds represented by the certificate issued in her name and the names of her two children. The trial court determined Bank was entitled to apply $3,333.33 of the funds represented by the certificate to an indebtedness of Jeanice due Bank. Faye Griffin appeals.

As stated, Faye Griffin was the sole source of the funds represented by the certificate of deposit. She first deposited those funds in a different bank in the above three names. She withdrew those funds in the form of a cashier's check, payable to Faye Griffin or Jeanice Griffin. Her deposit of that cashier's check with Bank resulted in the issuance of the certificate of deposit in question on December 15, 1983. The certificate provided for automatic renewals for successive terms of six months. At the time the certificate was issued, Faye Griffin signed a "Joint Account" signature card. The card bore a notation in the corner, "CD". Jeanice Griffin and Wayne Griffin later signed that card.

On March 10, 1988, Bank, by letter, advised Faye Griffin that "the amount of $5,000.00 has been set off by the bank from Certificate of Deposit # 201175 and applied to" indebtedness of Jeanice Griffin to Bank. Bank further advised that certificate of deposit # 201175 would no longer be honored and should be returned for a new certificate in the amount of the remaining balance.

By her petition in this case, Faye Griffin prayed for judgment for $5,000, plus interest from the date of taking. The trial court determined Bank properly applied one-third of the certificate of deposit to the indebtedness of Jeanice Griffin, and entered judgment for Faye Griffin in the amount of "$1666.67 together with interest at the rate of 9.12% as provided for in the certificate of deposit and court costs totalling $30.05."

Faye Griffin does not complain of the fact the Bank, by its unilateral action, appropriated the $5,000 in the middle of a renewal term of the certificate of deposit. To establish the trial court erred, she principally relies upon *Greenwood v. Bank of Illmo,* 782 S.W.2d 783 (Mo.App.1989) (*Illmo*). The facts of that case are essentially the same as the facts of this case. The face of the certificate of deposit in *Illmo,* except for the names and amount, was virtually identical to the face of the certificate of deposit in question. Upon the holder's presentation of the certificate at maturity, the Bank of Illmo withheld the funds represented by the certificate to be applied

to the indebtedness of one of three joint tenants. The funds for the certificate of deposit had been supplied by the other two joint tenants. This Court examined the doctrine of setoff at length as it pertains to joint bank deposits, and reached the following conclusion.

"This court holds that the CD, held jointly in the names of the three plaintiffs, to which plaintiff Mary Ellen Keene had made no contribution, could not, in the absence of the agreement of the two contributing plaintiffs, be set off by the bank against the delinquent note of Mary Ellen Keene held by the bank." *Illmo* at 787.

Bank seeks to avoid the authority of *Illmo* by citing the fact that in this case all of the joint tenants signed the "Joint Account" signature card, as distinguished from only the noncontributing joint tenant as in *Illmo*. The "Joint Account" signature card is not integrated with the certificate of deposit by physical attachment or language, unless the notation "CD" is sufficient to do so. The parties have regarded the signature card as applicable to the certificate of deposit. This court will do likewise. Even so, the signature card does not aid the Bank. That card is obviously prepared for use with a checking account. To establish its right of setoff, Bank relies upon the emphasized portion of the following paragraph from the "Depositor's Contract" on the back of the card:

"It is agreed that this account, whether active or dormant (an account shall be considered dormant when no deposit shall have been made or checks drawn for a period of one year), shall be subject to service and maintenance charges heretofore adopted by this bank and now in effect, and *to such charges as may hereafter be adopted by this bank.* Such charges may be deducted from the depositor's account and this bank shall not be liable for dishonoring checks, drafts, notes, acceptances or other instruments because of insufficient funds resulting from the deduction of such charges."

When read in context, the emphasized portion refers to items such as service charges. It falls far short of constituting an agreement by Faye Griffin that Bank could offset funds represented by the certificate of deposit against the indebtedness of either of the noncontributing joint tenants.

■ The Bank's final argument is that the evidence of the source of funds violates the parol evidence rule and should not be considered. The following is a succinct statement of that rule.

"The parol evidence rule precludes oral evidence used to vary or contradict the terms of an unambiguous and complete written instrument absent fraud, common mistake, accident or erroneous omission." *Norden v. Friedman*, 756 S.W.2d 158, 163 (Mo.banc 1988).

It has been consistently held that evidence of the source of funds in a joint account or deposit does not violate the parol evidence rule. There is no term of the certificate of deposit or the signature card that is contradicted or varied by that evidence.

"Evidence as to the source of funds for the CD was admissible as showing the respective ownership interests of the living co-depositors." *Illmo* at 788.

"Although *disproportionate contributions* to the fund by one joint owner *may be shown to establish a different interest,* the interests of joint tenants are presumed to be equal." *Blue Valley Federal Sav. and Loan v. Burrus*, 637 S.W.2d 737, 743 (Mo.App.1982). (Emphasis added.)

Also see *Pollock v. Brown*, 569 S.W.2d 724 (Mo.banc 1978); *Peters v. Carr*, 654 S.W.2d 317 (Mo.App.1983); *Carroll v. Hahn*, 498 S.W.2d 602 (Mo.App.1973); *Nieman v. First National Bank of Joplin*, 420 S.W.2d 20 (Mo.App.1967). The Bank's final argument has no merit.

*Illmo* establishes that Faye Griffin should prevail. It is the duty of this court to finally dispose of the case unless justice requires otherwise. Rule 84.14. The judgment of the trial court is reversed. Judgment is entered in favor of plaintiff Faye Griffin against defendant First Community Bank of Malden in the amount of $5,000 principal, plus $1,277.50 interest, and costs.

Said judgment shall bear interest at the rate of 9.12% from December 17, 1990, until paid.

PREWITT and CROW, JJ., concur.